NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FAIR LABORATORY PRACTICES ASSOCIATES AND NPT ASSOCIATES,** | Civ. No. 2:14-02581 (WJM) |
| Plaintiff, | OPINION |
| v. | |
| **CHRIS RIEDEL AND HUNTER LABORATORIES, LLC,** | |
| Defendants. | |

## WILLIAM J. MARTINI, U.S.D.J.:

Plaintiffs Fair Laboratory Practices Associates and NPT Associates bring this action alleging breach of contract, conversion, and unjust enrichment against Defendants Chris Riedel and Hunter Laboratories, LLC. This matter comes before the Court on Defendants' motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), or alternatively, to transfer the case to the United States District Court for the Southern District of New York under 42 U.S.C. § 1404(a). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion is **DENIED**.

### I.   BACKGROUND

The Plaintiffs in this case are Fair Laboratory Practices Associates ("Fair Laboratory") and NPT Associates ("NPT"), both Delaware general partnerships formed for the purpose of prosecuting *qui tam* actions. Compl. ¶ 1, Bibi Declaration ¶ 3, ECF No. 11-1. Plaintiff Fair Laboratory is made up of Andrew Baker, a United Kingdom citizen residing in Monaco, Richard Michaelson, a New Jersey resident, and Mark Bibi, a New York resident. *Id.* According to Mark Bibi, Fair Laboratory and NPT's offices and principal place of business are located in Hackensack, New

Jersey.  Bibi Declaration ¶¶ 1-2.  Plaintiff NPT is made up of Baker, Jerry Tice, a Kentucky resident, and Thomas Golubic, a New Jersey resident.  Unless otherwise noted, the Court refers jointly to Fair Laboratory and NPT as "Fair Laboratory."  The Defendants in this case are Chris Riedel and Hunter Laboratories, LLC ("Hunter").  Compl. ¶ 3.  Riedel is a California resident and the sole member of Hunter Laboratories.  *Id.*  Unless otherwise noted, the Court refers jointly to Riedel and Hunter as "Hunter."

Fair Laboratory and Hunter were *qui tam* relators in separate actions alleging Medicare and Medicaid fraud on the part of clinical laboratories.  *Id.* ¶ 7.  On May 26, 2010, Fair Laboratory and NPT, as well as their general partners, entered into a litigation sharing agreement (the "Agreement") with Hunter and Riedel.  *Id.* ¶ 8.  The Agreement states, essentially, that Fair Laboratory would pay Hunter 15% of any *qui tam* judgment it received, and that Hunter would pay Fair Laboratory 15% of any *qui tam* judgment it received.  *Id.* ¶¶ 11-16.  According to Bibi, Fair Laboratory negotiated the Agreement from its office in New Jersey.  Bibi Declaration ¶ 9.  According to Bibi, the general partners of Fair Laboratory all signed the Agreement in New York, except for Jerry Tice, who signed the Agreement in Kentucky.  *Id.* ¶ 10.  Also according to Bibi, "all actions undertaken by [Fair Laboratory] to satisfy [its] obligations under the Sharing Agreement occurred in Hackensack, New Jersey."  *Id.* ¶ 13.  When Hunter did pay Fair Laboratory *qui tam* proceeds pursuant to the Agreement, it sent those proceeds to New Jersey.  Def. Opp. at 12.

In May 2011, Hunter received a $241 million judgment in a *qui tam* suit brought against Quest Diagnostics, Inc. and Laboratory Corporation of America in California Superior Court.  Compl. ¶ 17.  Yet, Hunter refused to provide Fair Laboratory with 15% of its award.  *Id.* ¶ 25.  Hunter told Fair Laboratory that it based its decision on an order issued by the Honorable Robert P. Patterson, Jr., United States Judge for the Southern District of New York, in a *qui tam* suit that Fair Laboratory brought against Quest Diagnostics, Inc.  *Id.* ¶¶ 23-25.  In the Order, Judge Patterson dismissed Fair Laboratory's complaint and disqualified its counsel from pursuing similar suits based on similar facts.  *Fair Laboratory Practices Associates v. Quest Diagnostics, Inc.*, No. 1:05-cv-05393, 2011 WL 1330542, at *11 (S.D.N.Y. Apr. 5, 2011) ("[Fair Laboratory], its general partners, and its counsel, are disqualified from this suit and any subsequent suit based on these facts.").

Arguing that Judge Patterson's Order has no bearing on its right under the Agreement to 15% of Hunter's $241 million *qui tam* judgment, Fair Laboratory filed a three-count Complaint on April 23, 2014 asserting breach of contract, conversion, and unjust enrichment.

On June 17, 2014, Hunter moved to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404. Hunter contends that even if venue were proper here, the case should be transferred to the Southern District of New York because Judge Patterson would be in the best position to decide whether his Order eliminates Hunter's obligation to pay Fair Laboratory 15% of the proceeds it recovered in the California action.

## II.   DISCUSSION

### A. Motion to Dismiss for Lack of Venue

Hunter first argues that because Plaintiff's claims bear no relationship to New Jersey, venue is not proper here and the Court should dismiss the complaint. A court may dismiss a complaint for improper venue. FED.R.CIV.P. 12(b)(3); *Atlantic Marine Construction Co., Inc. v. U.S. Dist. Court for W. Dist. Of Texas*, 134 S.Ct. 568, 578 (2013). Venue is proper in (1) a judicial district in which any defendant resides, if all defendants reside in the same State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) any district in which any defendant is subject to the court's personal jurisdiction with respect to the underlying action, so long as there is no other district in which the action could otherwise be brought. 28 U.S.C. § 1391(b).

The relevant inquiry in this case is whether a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in New Jersey. If the answer is yes, venue is proper. *See* 28 U.S.C. § 1391(b)(2). "[§ 1391(b)(2)] only requires a 'substantial part' of the events to have occurred in the District to establish venue." *Park Inn Int'l, LLC v. Mody Enters.*, 105 F.Supp.2d 307, 376 (citing *Cottman Transmission Sys., Inc. v. Martino,* 36 F.3d 291, 294 (3d Cir. 1994)). "It does not require a majority of the events to take place here, nor that the challenged forum is the best forum for the lawsuit to be venued." *Id.* Moreover, when conducting a "substantial part of the events" analysis in a breach of contract case, courts will generally look at (1) where the contract was negotiated or executed; (2) where the contract was to be performed; and (3) where the alleged breach occurred. *See e.g., Business Store, Inc. v. Mail Boxes Etc.,* No. 11-3662, 2012 WL 525966, *8 (D.N.J. Feb. 16, 2012).

The Court finds that the District of New Jersey is a proper venue because a substantial part of the events giving rise to Fair Laboratory's claims occurred in New

Jersey.  The gravamen of Fair Laboratory's complaint is that Hunter has violated the Agreement by refusing to pay Fair Laboratory 15% of the proceeds it recouped in the California *qui tam* action.  In a sworn declaration, Fair Laboratory partner Mark Bibi notes that Fair Laboratory negotiated the Agreement out of its principal place of business in Hackensack, New Jersey.   Bibi Declaration ¶ 8-9.  He further states that all actions Fair Laboratory undertook to satisfy its obligations under the Agreement occurred from Hackensack, New Jersey.  *Id*. ¶13.  And while Hunter is correct that Fair Laboratory prosecuted a *qui tam* action in New York, the Agreement's primary concern is the <u>sharing</u> of *qui tam* awards.  When Hunter did send a portion of its *qui tam* proceeds to Fair Laboratory pursuant to the Agreement, it sent those proceeds to New Jersey.  The Court therefore concludes that New Jersey is a proper venue.  Hunter's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) is **DENIED**.

### B. Motion to Transfer

Hunter contends that even if New Jersey is a proper venue, the Court should transfer the case to the Southern District of New York, and hopefully to Judge Patterson, because "[t]he only issue in dispute in this case is whether Judge Patterson's Order precludes Defendants from paying [Fair Laboratory] a 15% share of a settlement."  Br. at 1, ECF No. 10-1.

In certain circumstances, a court may transfer a case to a different venue even though the venue in which the case was initially brought is proper under 28 U.S.C. § 1391.  28 U.S.C. § 1404(a); *Job Haines Home for the Aged v. Young*, 936 F.Supp. 223, 227 (D.N.J. 1996).  Before the Court can do that, Hunter must establish that (1) this case "might have been brought" in the Southern District of New York and (2) the Southern District of New York would provide a more convenient forum for the litigation.  *CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d 637, 643 (D.N.J. 2004) (quoting 28 U.S.C. § 1404(a)).  "A district is one in which an action 'might have been brought' if that district has (1) subject matter jurisdiction over the claims; (2) personal jurisdiction over the parties; and (3) is a proper venue." *Gentry v. Leading Edge Recovery Solutions, LLC*, No. 13-3398, 2014 WL 131811, at *3 (D.N.J. Jan. 10, 2014).  The Court finds that transfer is improper because there is no personal jurisdiction over Hunter in the Southern District of New York.

There are two kinds of personal jurisdiction, general jurisdiction and specific jurisdiction.  *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).  "General jurisdiction is found where a corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the

4

forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (internal quotations and citations omitted). There is no suggestion that the Southern District of New York could exercise general jurisdiction over Hunter.

"Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008). The conduct at issue is the conduct of the defendant. *Dollar Sav. Bank v. First Sec. Bank*, 746 F.2d 208, 211 (3d Cir. 1984) ("Specific jurisdiction arises when the plaintiff's claim is related to or arises out of the *defendant's* contacts with the forum.") (internal quotation and citations omitted) (emphasis added). In determining whether to exercise specific jurisdiction in a breach of contract case, judges must examine "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Burger King v. Rudzewicz*, 471 U.S. 462, 479 (1985). Specific jurisdiction obtains when a defendant's contacts with the forum were "instrumental in either the formation or the breach of the contract." *Control Screening LLC v. Technological Application and Production Co.*, 687 F.3d 163, 167 (3d Cir. 2012) (citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)).

Hunter argues for specific jurisdiction in the Southern District of New York based on Judge Patterson's Order. But specific jurisdiction concerns the conduct of the defendant, not the conduct of a judge in a case where the defendant is not even a party. The Defendant in this case had basically nothing to do with New York. There is no evidence that it negotiated, executed, or agreed to perform the Agreement in New York. While two of Fair Laboratory's partners executed the Agreement in New York, there is no evidence that Hunter knew of that fact. As such, it is strained to argue that Hunter's actions were purposefully directed toward New York, especially when one considers that Fair Laboratory negotiated the Agreement from New Jersey and that "all actions undertaken by [Fair Laboratory] to satisfy [its] obligations under the Sharing Agreement occurred in Hackensack, New Jersey," Bibi Declaration ¶¶ 9, 13.

Ultimately, because the Court cannot find that Hunter's contacts with New York were "instrumental in either the formation or the breach of the contract," *Control Screening LLC*, 687 F.3d at 167, this case could not have been brought in the Southern District of New York.[1] Because this case could not have been brought

---

[1] The fact that Hunter consents to jurisdiction in the Southern District of New York by asking the Court to transfer the case there is not sufficient to meet the "could have been brought" requirement under § 1404(a). *See Guzzetti v. Citrix Online*

in the Southern District of New York, this Court cannot transfer it to the Southern District of New York.  The motion to transfer is **DENIED**.

### III.   CONCLUSION

For the reasons set forth above, Hunter's motion is **DENIED**.  An appropriate order follows.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 20, 2014**

---

*Holdings GmbH,* No. 12-01152-GMS, 2013 WL 124127, at *3 n. 2 (D.Del. Jan. 3, 2012) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960)).