NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FAIR LABORATORY PRACTICES ASSOCIATES AND NPT ASSOCIATES,** | Civ. No. 2:14-2581 (WJM) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| **CHRIS RIEDEL AND HUNTER LABORATORIES, LLC.** | |
| Defendant. | |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court on a motion to seal filed by Defendants Hunter Laboratories LLC and Chris Riedel (collectively, "Hunter") and a cross motion to intervene filed by Quest Diagnostics, International ("Quest"). For the reasons stated below, the Court will **GRANT** both motions.

### I. BACKGROUND

The Court assumes familiarity with the facts and writes primarily for the benefit of Plaintiffs, Defendants, and non-party Quest. In 2010, Plaintiffs Fair Laboratory Practices Associates and NPT Associates (collectively, "Fair Laboratory") entered into a *qui tam* sharing agreement ("the Agreement") with Hunter. The Agreement concerned certain *qui tam* lawsuits that each party was pursuing independently. Specifically, subject to certain limitations, Hunter agreed to share 15% of any successful *qui tam* recovery with Fair Laboratory and vice-versa. One *qui tam* suit subject to the Agreement was an action that Hunter filed against non-party Quest in California state court ("the California Action"). Hunter recovered a settlement from Quest in that action, but refused to share a portion of the settlement with Fair Laboratory because Fair Laboratory had been disqualified from a separate *qui tam* action subject to the Agreement. Fair Laboratory then filed suit in this Court, alleging that it had a contractual right to a portion of Hunter's California Action recovery. The Court agreed and entered summary judgment in Fair Laboratory's favor.

Fair Laboratory and Hunter then filed a stipulation and proposed order indicating that the parties had entered into a settlement agreement ("the Settlement Agreement"). The stipulation and order explained that Hunter had agreed to pay Fair Laboratory what was owed under the Agreement, and in exchange, Fair Laboratory would consent to this Court vacating its order of judgment against Hunter. After receiving the stipulation and proposed order, the Court requested that the parties file the Settlement Agreement under seal. In addition to filing the Settlement Agreement under seal, Hunter filed a motion to seal in order to keep the Settlement Agreement confidential. Shortly thereafter, Quest filed a cross-motion to intervene pursuant to Federal Rule of Civil Procedure 24(b). Through its motion, Quest argues that the Settlement Agreement should be accessible to the public. Now presently before the Court is Hunter's motion to seal and Quest's motion to intervene.

## II.   MOTION TO INTERVENE

"On timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Moreover, "[a]ny interested person may move to intervene pursuant to Fed. R. Civ. P. 24(b) before the return date of any motion to seal or otherwise restrict public access." L. Civ. R. 5.3(c)(4). Here, Quest's motion to intervene is timely and has been made for an appropriate purpose. Consequently, the Court will **GRANT** Quest's motion to intervene and will consider Quest's arguments when deciding Hunter's motion to seal.

## III.   MOTION TO SEAL

The existence of a common law right of access to judicial records is "beyond dispute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988). Consequently, there is a strong presumption favoring access to documents filed in connection with civil proceedings. *See Publicker Indus. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984). Typically, a settlement agreement not filed with the court is not a "judicial record" falling within the right of access doctrine. *See Enprotech Corp. v. Renda*, 983 F.2d 17, 20-21 (3d Cir. 1993). That said, "[o]nce a settlement is filed in the district court, it becomes a judicial record, and subject to the access accorded such records." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994)

At first blush, it appears that there is a strong presumption favoring access here because the Settlement Agreement was filed on this Court's docket. *See id*. However, the presumption favoring access is undermined where a district court instructs the parties to file a settlement agreement and creates the impression that the agreement will remain confidential. *LEAP Systems, Inc. v. MoneyTrax, Inc.*, 638 F.3d 216 (3d Cir. 2011) is instructive. In that case, the parties reached settlement agreements that resolved all outstanding disputes in the litigation. The district court agreed to dismiss the action with prejudice, but in connection with its decision to retain jurisdiction to enforce the

agreements, the court also ordered that the parties place the terms of the agreements on the record. However, the district court assured the parties that the terms of the agreements would be kept confidential until it had opportunity to review a formal motion to seal. Subsequently, the district court granted a motion to seal the portion of the record disclosing the terms of settlement. Later, a third-party sought to have the terms of the settlement agreements unsealed, but the district court declined.

In affirming the district court's decision to keep the settlement agreements sealed, the Third Circuit first held that the agreements were judicial documents subject to the right of access because they were filed on the docket and subject to the district court's continuing jurisdiction. The court further acknowledged the parties seeking to keep the agreements sealed did not state particularly convincing reasons for why allowing public access would cause them injury. Notwithstanding those facts, the Third Circuit held that keeping the agreements sealed was not an abuse of discretion because the district court had instructed the parties to put the agreements on the record and made assurances that the agreements would be kept confidential. Therefore, while a presumption of access existed, the presumption was relatively weak. Moreover, the public's interest in disclosure was relatively minimal because the agreements involved private parties and addressed only matters of private concern.

This case bears many similarities to *LEAP*. First, the Court acknowledges that Hunter fails to specifically explain how it would be harmed by disclosure. However, as Hunter correctly recounts, the parties' initial plan was to merely file a stipulation and proposed order generally indicating that the parties had entered into a settlement. Indeed, the parties had no intention of taking any further action until this Court instructed the parties to file the Settlement Agreement under seal. The Settlement Agreement would therefore have never seen the light of day had this Court not instructed the parties to submit it on the docket. Moreover, after receiving those instructions from this Court, the parties reasonably operated under the assumption that the Settlement Agreement would remain confidential. Consequently, like *LEAP*, the presumption of openness in this case is weak.

Also like *LEAP*, the public's interest in disclosure of the Settlement Agreement is minimal. The Settlement Agreement is between purely private litigants and addresses matters that solely implicate private concerns. Quest does not make any strong arguments for why the Settlement Agreement contains information relevant to the public. *See Pansy*, 23 F.3d at 377 (parties desire to keep record confidential is given less deference where the record involves a matter of public concern). Quest does not even state convincing reasons for why access to the Settlement Agreement would further its own interests. Consequently, the Court concludes that the Settlement Agreement will remain sealed.

## IV.     CONCLUSION

For the foregoing reasons,

**IT IS** on this 29th day of February, 2016, hereby

**ORDERED** that Quest's motion to intervene is **GRANTED**; and it is further

**ORDERED** that Hunter's motion to seal is **GRANTED**; and it is further

**ORDERED** that the Settlement Agreement shall remain under seal.

　　　　　　　　　　　　　　　　　　　　/s/ William J. Martini
　　　　　　　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**